United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONATO TAA, et. al. | CASE NO. 5:11-cv-00554 EJD |
| Plaintiff(s), | **ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** |
| v. | |
| CHASE HOME FINANCE, L.L.C., et. al., | [Docket Item No. 29] |
| Defendant(s). | |

Plaintiffs Donato and Anita Taa ("Plaintiffs") presently move the court to reconsider the "Order re: Second Amended Complaint" filed September 28, 2011 (the "Order"). See Docket Item No. 29. For the reasons explained below, the motion will be denied.

**I.   DISCUSSION**

The court begins with the circumstances which resulted in the Order at issue here. Plaintiffs filed a Second Amended Complaint ("SAC") on September 1, 2011. Since Plaintiffs had amended the original complaint once previously, Plaintiffs were required to either obtain Defendants' written consent or obtain permission from this court *before* presenting the SAC for filing in order for it to be legally effective. Fed. R. Civ. P. 15(a)(2); see also United States ex rel. Matthews v. HealthSouth Corp., 332 F3d 293, 296 ("The failure to obtain leave results in an amended complaint having no legal effect."). They did not do so. Thus, the court construed the filing of the SAC itself as Plaintiffs' request for further leave to amend. So construed, the request was denied without prejudice in order to prevent undue delay and prejudice to Defendants since a Motion to Dismiss the

First Amended Complaint had been pending since May, 2011, and was scheduled for hearing on October 21, 2011 - only one month later. See Docket Item No. 24. Accordingly, the court ordered the SAC stricken but clarified that Plaintiffs' ability to amend their pleading would be revisited in connection with Defendant's dismissal motion.

With that historical perspective in mind, the court now turns to the instant motion. Unfortunately, it appears that history has repeated itself. In much the same way Plaintiffs prematurely filed the SAC, they have also prematurely filed this motion. In the Northern District of California, parties may not file a motion for reconsideration without first obtaining permission from the court to file such a motion. Civ. L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."). Plaintiffs bypassed a similar step requiring leave of court when they filed the SAC, and have done so once again by failing to comply with Local Rule 7-9(a). Although this requirement may seem technical, it nonetheless serves the important purpose of permitting only those reconsideration motions which have actual merit.

Plaintiffs are "expected to abide by the rules of the court in which [they litigate]," even without the assistance of counsel. Carter v. Comm'r of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir. 1986). When the rules applicable to reconsideration motions are flouted, as they were here, the court may summarily deny the motion. See Keating-Traynor v. AC Square, Inc., No. C 08-02907 MHP, No. C 08-03035 MHP, 2011 U.S. Dist. LEXIS 117824, at *3 (N.D. Cal. Oct. 12, 2011); Orcilla v. Bank of Am., N.A., No. C10-03931 HRL, 2011 WL 2437441, 2011 U.S. Dist. LEXIS 64535, at *6 (N.D. Cal. June 17, 2011); Hung Ha v. N.Y. City Hous. Auth., No. C 11-80020 MISC PJH, 2011 U.S. Dist. LEXIS 27048, at *1 (N.D. Cal. Mar. 16, 2011). Such a denial will be issued here.

In an effort to prevent the filing of another defective motion of this type, the court wishes to emphasize that a consideration of the merits begs the same adverse result. To be successful, a party moving for leave file a motion for reconsideration must establish at least one of the three bases identified in Local Rule 7-9(b): (1) a material difference in fact or law from that which was presented originally, (2) the emergence of new material facts or a change of law since the order was issued, or (3) the existence of material facts or dispositive legal arguments which were presented but

2
CASE NO. 5:11-cv-00554 EJD
ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

1  not considered by the court. Civ. L.R. 7-9(b). Here, instead of attempting to support one of the
2  bases for reconsideration, Plaintiffs instead chose to explain the purported bases for the amendments
3  included in the SAC. As a result, most of Plaintiffs' arguments are misplaced - if not irrelevant to
4  the precise reconsideration issue - since the SAC was ordered stricken due to factors existing outside
5  the pleading itself, namely the potential for prejudice to Defendants who had been waiting months
6  for a decision on a Motion to Dismiss as well as the undue delay that would result from another
7  amended pleading.

8      Thus, Plaintiffs' instant motion is simply not cognizable as a motion for reconsideration for
9  reasons of both procedure and substance, and as previously stated it will be denied. With this denial,
10 the court finds it helpful to also provide some clarification since it appears Plaintiffs may not fully
11 understand the effect of the Order they sought to challenge. To be clear, the court did not dismiss
12 this case, nor did it definitively prevent Plaintiffs from *ever* amending the complaint again. The
13 court only ordered stricken a legally-ineffective pleading filed in violation of Federal Rule of Civil
14 Procedure 15(a)(2). And as already emphasized, a determination of whether Plaintiffs will be
15 granted leave to amend will be taken up within Defendants' Motion to Dismiss since Plaintiffs
16 requested such relief in their written opposition. See Docket Item No. 26, at p. 17. While the court
17 cannot make this determination here, the ultimate result may be an order allowing Plaintiff's to file
18 the SAC.

19     In conclusion, the court certainly agrees that Plaintiffs have a right to bring their claims
20 before the court as they vigorously maintain in the motion. But what the court could not do
21 previously and can not do now is countenance a continued disregard for the rules established to
22 ensure the fair and orderly resolution of those claims. It is for that basic reason that the SAC was
23 stricken and this motion denied.

## II. ORDER

25     Based on the foregoing, Plaintiffs' Motion for Reconsideration is DENIED.

26 **IT IS SO ORDERED.**

27 Dated: October 19, 2011

                        EDWARD J. DAVILA
28                         United States District Judge

CASE NO. 5:11-cv-00554 EJD
ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

United States District Court
For the Northern District of California