UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONATO TAA, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> CHASE HOME FINANCE, LLC, ET AL., <br><br> Defendants. | Case No.: 5: 11-CV-00554 EJD <br><br> **ORDER GRANTING MOTION TO STRIKE SECOND AMENDED COMPLAINT; STRIKING THIRD AMENDED COMPLAINT; AND DENYING PLAINTIFFS' MOTION FOR APPOINTMENT OF COUNSEL** <br><br> **(Re: Docket Nos. 36, 41)** |

Pending before the court is Defendants' motion to strike the Second Amended Complaint ("SAC") and Plaintiffs' motion to appoint counsel. The court finds these motions are appropriate for determination without oral argument. See Civil L.R. 7-1(b). For the reasons discussed below, the motion to strike is GRANTED, and the motion to appoint counsel is DENIED.

**I. MOTION TO STRIKE**

On February 7, 2011, Plaintiffs filed the Complaint. See Docket No. 1. On April 13, 2011, Defendants filed a motion to dismiss the Complaint. See Docket No. 14. On April 22, 2011, Plaintiffs filed the First Amended Complaint ("FAC"). See Docket No. 19. On May 11, 2011, Defendants filed a motion to dismiss the FAC. See Docket No. 24.

On September 1, 2011, Plaintiffs filed a Second Amended Complaint without leave of court. See Docket No. 27. On September 28, 2011, the court issued an order construing the

1

Case No.: 5:11-CV-00554 EJD
ORDER GRANTING MOTION TO STRIKE SECOND AMENDED COMPLAINT; STRIKING THIRD AMENDED COMPLAINT; AND DENYING PLAINTIFFS' MOTION FOR APPOINTMENT OF COUNSEL

1    improperly filed Second Amended Complaint as a motion to amend and striking the Second

2    Amended Complaint. See Docket No. 28. On October 7, 2011, Plaintiffs filed a motion for

3    reconsideration of the court's order striking the Second Amended Complaint. See Docket No. 29.

4    Plaintiffs did not seek leave of court to file the motion for reconsideration. On October 19, 2011,

5    the court denied the motion for reconsideration and explaining both the requirement to obtain leave

6    of court in order to amend a complaint pursuant to Fed. R. Civ. P. 15(a) and the requirement to

7    obtain leave of court in order to file a motion for reconsideration pursuant to Civil L.R. 7-9(a). See

8    Docket No. 32.

9          On October 21, 2011, the parties appeared for oral argument on Defendants' motion to

10   dismiss the FAC. At the hearing, the court issued a tentative ruling to grant the motion to dismiss

11   with leave to amend, took the matter under submission, and indicated a written order would follow.

12   See Docket No. 34.

13         On November 4, 2011, Plaintiffs filed another Second Amended Complaint ("SAC")

14   without leave of court adding new causes of action, including housing discrimination. See Docket

15   No. 35. On November 28, 2011, Defendants moved to strike the SAC. See Docket No. 36. Any

16   opposition to that motion was due no later than December 12, 2011. See id. No opposition was

17   filed by that date. On December 16, 2011, Plaintiffs filed a Third Amended Complaint ("TAC")

18   without leave of court. On December 19, 2011, Plaintiffs filed a reply brief noting that Plaintiffs

19   had failed to oppose the motion to strike the SAC. See Docket No. 38. One month after the notice

20   of non-opposition was filed, on January 19, 2012, Plaintiffs filed an opposition to Defendants'

21   motion to strike the SAC. See Docket No. 43.

22         A plaintiff may amend his complaint on his own once as a matter of course. See Fed. R.

23   Civ. P. 15(a). Thereafter, a party may be permitted to amend with leave of court, and the court

24   should freely give leave where required by justice. See id. However, leave need not be granted

25   where the amended complaint would cause the opposing party undue prejudice, constitute an

26   exercise in futility, create undue delay, or is sought in bad faith. See Janicki Logging Co. v.

27   Mateer, 42 F.3d 561, 566 (9th Cir. 1994). Only an amended complaint that is properly filed

2

28   Case No.: 5:11-CV-00554 EJD
ORDER GRANTING MOTION TO STRIKE SECOND AMENDED COMPLAINT; STRIKING
THIRD AMENDED COMPLAINT; AND DENYING PLAINTIFFS' MOTION FOR
APPOINTMENT OF COUNSEL

pursuant to the requirements of Rule 15 requirements can supersede the original. Murray v. Archambo, 132 F.3d 609, 612 (10th Cir. 1998). An amendment that has been filed or served without leave of court or consent of the defendants is without legal effect. Id. "On occasion, a party's failure to comply with the requirements of Rule 15(a) will prompt courts to strike amended pleadings — or to ignore them outright." Sapiro v. Encompass Ins., 221 F.R.D. 513, 517 (N.D. Cal. 2004).

In Plaintiffs' late-filed opposition brief, Plaintiffs argue that the court granted them leave to amend the complaint at the October 21, 2011 hearing. As noted above, the Court tentatively ruled to dismiss the FAC with leave to amend and took the matter under submission with an order to follow. See Docket No. 34. No such order has yet been issued. Until an order is issued, Plaintiffs do not have leave of Court to file an amended complaint. Furthermore, Plaintiffs' SAC and TAC include causes of action not alleged in the FAC and not addressed by the motion to dismiss the FAC. Thus, the SAC and TAC exceed the bounds of the amendments discussed at the October 21, 2011 hearing.

Plaintiffs' SAC and TAC were filed without leave of court and without the written stipulation of the other parties. The Second and Third Amended Complaints therefore were filed in violation of Rule 15 and have no legal effect. See Fed. R. Civ. P. 15(a)(2). The FAC remains the operative complaint. Plaintiffs' leave to amend the FAC will be addressed when the court rules on the pending motion to dismiss the FAC. Accordingly,

IT IS HEREBY ORDERED that the motion to strike is GRANTED.

## II. MOTION TO APPOINT COUNSEL

On March 9, 2011, Judge Fogel granted Plaintiffs' request to proceed *in forma pauperis*. See Docket No. 7. On January 19, 2012, Plaintiffs filed a motion seeking appointment of counsel. See Docket No. 41. Plaintiffs seek appointment of counsel pursuant to 42 U.S.C. § 3613, which allows appointment of counsel in cases alleging discriminatory housing practices. The FAC, however, does not allege any discriminatory practice. See Docket No. 19. The motion for appointment of counsel therefore is reviewed pursuant to 28 U.S.C. § 1915(e).

3

Case No.: 5:11-CV-00554 EJD
ORDER GRANTING MOTION TO STRIKE SECOND AMENDED COMPLAINT; STRIKING THIRD AMENDED COMPLAINT; AND DENYING PLAINTIFFS' MOTION FOR APPOINTMENT OF COUNSEL

In general, there is no right to appointed counsel in a civil action. See United States v. McQuade, 579 F.2d 1180, 1181 (9th Cir. 1978). In certain cases, however, the court, at its discretion, may appoint counsel under 28 U.S.C. § 1915(e)(1) if it finds that there are "exceptional circumstances." Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the court evaluates the plaintiffs' likelihood of success on the merits, and the plaintiffs' ability to articulate their claims in light of the complexity of the legal issues involved in the case. Id.

As to Plaintiffs' likelihood of success on the merits, at the October 21, 2011 hearing, the court tentatively ruled that the FAC would be dismissed, indicating that Plaintiffs have thus far failed to adequately plead their claims. Thus, Plaintiffs have not shown they are likely to succeed on the merits of their case.

Plaintiffs argue that they are unable to articulate their claims without counsel because of the complexity of their case, their lack of legal training, their limited English, their poverty, and their daughter's illness requiring their attention. From a review of the filings in the case thus far, however, Plaintiffs have not demonstrated that they are incapable of doing legal research, filing motions, or understanding the legal issues in their case. Additionally, Plaintiffs' lack of legal training, limited English, and poverty do not constitute exceptional circumstances, as these are the types of difficulties many other litigants face in proceeding in *pro se*. See Montano v. Solomon, No. 2:07-CV-0800, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010) (stating that "[n]either indigence nor lack of facility in English qualifies as an exceptional circumstance"); see also Wood v. Houseright, 900 F.2d 1332, 1335-36 (9th Cir. 1990) ("[D]ifficulties which any litigant would have in proceeding *pro se* . . . do not indicate exceptional factors."). Furthermore, Plaintiffs have not demonstrated that their daughter's illness interferes with their ability to pursue their claims. Therefore, at this stage in the proceedings, Plaintiffs have not demonstrated the exceptional circumstances necessary to warrant appointment of counsel. Accordingly,

IT IS HEREBY ORDERED that the motion to appoint counsel is DENIED.

4
Case No.: 5:11-CV-00554 EJD
ORDER GRANTING MOTION TO STRIKE SECOND AMENDED COMPLAINT; STRIKING THIRD AMENDED COMPLAINT; AND DENYING PLAINTIFFS' MOTION FOR APPOINTMENT OF COUNSEL

### III. CONCLUSION

For the reasons discussed above, Defendants' motion to strike is GRANTED. The SAC and TAC are stricken. Additionally, Plaintiffs' motion to appoint counsel is DENIED.

Dated: February 15, 2012

_____
EDWARD J. DAVILA
United States District Judge