1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| DONATO TAA, ET AL., | ) | Case No.: 5: 11-CV-00554  EJD |
| Plaintiffs, | ) ) | **ORDER GRANTING MOTION TO STRIKE SECOND AMENDED COMPLAINT; STRIKING THIRD AMENDED COMPLAINT; AND DENYING PLAINTIFFS' MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | ) ) ) |  |
| CHASE HOME FINANCE, LLC, ET AL., | ) ) |  |
| Defendants. | ) ) | **(Re: Docket Nos. 36, 41)** |

Pending before the court is Defendants' motion to strike the Second Amended Complaint ("SAC") and Plaintiffs' motion to appoint counsel. The court finds these motions are appropriate for determination without oral argument. See Civil L.R. 7-1(b). For the reasons discussed below, the motion to strike is GRANTED, and the motion to appoint counsel is DENIED.

### I. MOTION TO STRIKE

On February 7, 2011, Plaintiffs filed the Complaint. See Docket No. 1. On April 13, 2011, Defendants filed a motion to dismiss the Complaint. See Docket No. 14. On April 22, 2011, Plaintiffs filed the First Amended Complaint ("FAC"). See Docket No. 19. On May 11, 2011, Defendants filed a motion to dismiss the FAC. See Docket No. 24.

On September 1, 2011, Plaintiffs filed a Second Amended Complaint without leave of court. See Docket No. 27. On September 28, 2011, the court issued an order construing the

1  improperly filed Second Amended Complaint as a motion to amend and striking the Second

2  Amended Complaint. See Docket No. 28. On October 7, 2011, Plaintiffs filed a motion for

3  reconsideration of the court's order striking the Second Amended Complaint. See Docket No. 29.

4  Plaintiffs did not seek leave of court to file the motion for reconsideration. On October 19, 2011,

5  the court denied the motion for reconsideration and explaining both the requirement to obtain leave

6  of court in order to amend a complaint pursuant to Fed. R. Civ. P. 15(a) and the requirement to

7  obtain leave of court in order to file a motion for reconsideration pursuant to Civil L.R. 7-9(a). See

8  Docket No. 32.

9          On October 21, 2011, the parties appeared for oral argument on Defendants' motion to

10  dismiss the FAC. At the hearing, the court issued a tentative ruling to grant the motion to dismiss

11  with leave to amend, took the matter under submission, and indicated a written order would follow.

12  See Docket No. 34.

13          On November 4, 2011, Plaintiffs filed another Second Amended Complaint ("SAC")

14  without leave of court adding new causes of action, including housing discrimination. See Docket

15  No. 35. On November 28, 2011, Defendants moved to strike the SAC. See Docket No. 36. Any

16  opposition to that motion was due no later than December 12, 2011. See id. No opposition was

17  filed by that date. On December 16, 2011, Plaintiffs filed a Third Amended Complaint ("TAC")

18  without leave of court. On December 19, 2011, Plaintiffs filed a reply brief noting that Plaintiffs

19  had failed to oppose the motion to strike the SAC. See Docket No. 38. One month after the notice

20  of non-opposition was filed, on January 19, 2012, Plaintiffs filed an opposition to Defendants'

21  motion to strike the SAC. See Docket No. 43.

22          A plaintiff may amend his complaint on his own once as a matter of course.  See Fed. R.

23  Civ. P. 15(a).  Thereafter, a party may be permitted to amend with leave of court, and the court

24  should freely give leave where required by justice. See id. However, leave need not be granted

25  where the amended complaint would cause the opposing party undue prejudice, constitute an

26  exercise in futility, create undue delay, or is sought in bad faith. See Janicki Logging Co. v.

27  Mateer, 42 F.3d 561, 566 (9th Cir. 1994). Only an amended complaint that is properly filed

28
2

United States District Court
For the Northern District of California

1  pursuant to the requirements of Rule 15 requirements can supersede the original.  Murray v.

2  Archambo, 132 F.3d 609, 612 (10th Cir. 1998).  An amendment that has been filed or served

3  without leave of court or consent of the defendants is without legal effect.  Id.  "On occasion, a

4  party's failure to comply with the requirements of Rule 15(a) will prompt courts to strike amended

5  pleadings — or to ignore them outright."  Sapiro v. Encompass Ins., 221 F.R.D. 513, 517 (N.D.

6  Cal. 2004).

7         In Plaintiffs' late-filed opposition brief, Plaintiffs argue that the court granted them leave to

8  amend the complaint at the October 21, 2011 hearing. As noted above, the Court tentatively ruled

9  to dismiss the FAC with leave to amend and took the matter under submission with an order to

10  follow. See Docket No. 34. No such order has yet been issued. Until an order is issued, Plaintiffs

11  do not have leave of Court to file an amended complaint. Furthermore, Plaintiffs' SAC and TAC

12  include causes of action not alleged in the FAC and not addressed by the motion to dismiss the

13  FAC. Thus, the SAC and TAC exceed the bounds of the amendments discussed at the October 21,

14  2011 hearing.

15         Plaintiffs' SAC and TAC were filed without leave of court and without the written

16  stipulation of the other parties. The Second and Third Amended Complaints therefore were filed in

17  violation of Rule 15 and have no legal effect. See Fed. R. Civ. P. 15(a)(2). The FAC remains the

18  operative complaint. Plaintiffs' leave to amend the FAC will be addressed when the court rules on

19  the pending motion to dismiss the FAC. Accordingly,

20         IT IS HEREBY ORDERED that the motion to strike is GRANTED.

21                                  **II. MOTION TO APPOINT COUNSEL**

22         On March 9, 2011, Judge Fogel granted Plaintiffs' request to proceed *in forma pauperis*.

23  See Docket No. 7. On January 19, 2012, Plaintiffs filed a motion seeking appointment of counsel.

24  See Docket No. 41. Plaintiffs seek appointment of counsel pursuant to 42 U.S.C. § 3613, which

25  allows appointment of counsel in cases alleging discriminatory housing practices. The FAC,

26  however, does not allege any discriminatory practice. See Docket No. 19. The motion for

27  appointment of counsel therefore is reviewed pursuant to 28 U.S.C. § 1915(e).

28
                                                      3

United States District Court
For the Northern District of California

1    In general, there is no right to appointed counsel in a civil action.  See United States v.

2    McQuade, 579 F.2d 1180, 1181 (9th Cir. 1978).  In certain cases, however, the court, at its

3    discretion, may appoint counsel under 28 U.S.C. § 1915(e)(1) if it finds that there are "exceptional

4    circumstances."  Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004).  When

5    determining whether "exceptional circumstances" exist, the court evaluates the plaintiffs'

6    likelihood of success on the merits, and the plaintiffs' ability to articulate their claims in light of the

7    complexity of the legal issues involved in the case.  Id.

8    As to Plaintiffs' likelihood of success on the merits, at the October 21, 2011 hearing, the

9    court tentatively ruled that the FAC would be dismissed, indicating that Plaintiffs have thus far

10   failed to adequately plead their claims.  Thus, Plaintiffs have not shown they are likely to succeed

11   on the merits of their case.

12   Plaintiffs argue that they are unable to articulate their claims without counsel because of the

13   complexity of their case, their lack of legal training, their limited English, their poverty, and their

14   daughter's illness requiring their attention.  From a review of the filings in the case thus far,

15   however, Plaintiffs have not demonstrated that they are incapable of doing legal research, filing

16   motions, or understanding the legal issues in their case.  Additionally, Plaintiffs' lack of legal

17   training, limited English, and poverty do not constitute exceptional circumstances, as these are the

18   types of difficulties many other litigants face in proceeding in *pro se*.  See Montano v. Solomon,

19   No. 2:07-CV-0800, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010) (stating that "[n]either

20   indigence nor lack of facility in English qualifies as an exceptional circumstance"); see also Wood

21   v. Houseright, 900 F.2d 1332, 1335-36 (9th Cir. 1990) ("[D]ifficulties which any litigant would

22   have in proceeding *pro se* . . . do not indicate exceptional factors.").  Furthermore, Plaintiffs have

23   not demonstrated that their daughter's illness interferes with their ability to pursue their claims.

24   Therefore, at this stage in the proceedings, Plaintiffs have not demonstrated the exceptional

25   circumstances necessary to warrant appointment of counsel.  Accordingly,

26   IT IS HEREBY ORDERED that the motion to appoint counsel is DENIED.

27

28

Case No.: 5:11-CV-00554 EJD
ORDER GRANTING MOTION TO STRIKE SECOND AMENDED COMPLAINT; STRIKING
THIRD AMENDED COMPLAINT; AND DENYING PLAINTIFFS' MOTION FOR
APPOINTMENT OF COUNSEL

**III. CONCLUSION**

For the reasons discussed above, Defendants' motion to strike is GRANTED. The SAC and TAC are stricken. Additionally, Plaintiffs' motion to appoint counsel is DENIED.

Dated: February 15, 2012

EDWARD J. DAVILA
United States District Judge

Case No.: 5:11-CV-00554 EJD
ORDER GRANTING MOTION TO STRIKE SECOND AMENDED COMPLAINT; STRIKING
THIRD AMENDED COMPLAINT; AND DENYING PLAINTIFFS' MOTION FOR
APPOINTMENT OF COUNSEL

5