United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONATO TAA, ET AL., ) | Case No.: 5:11-CV-00554 EJD |
| ) | |
| Plaintiffs, ) | **ORDER GRANTING MOTION TO** |
| ) | **DISMISS WITH LEAVE TO AMEND** |
| v. ) | |
| ) | **(Re: Docket No. 24)** |
| CHASE HOME FINANCE, LLC, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the court is Defendant JP Morgan Chase Bank, N.A.'s ("JP Morgan") Motion To Dismiss Plaintiff Donato Taa's and Plaintiff Anita Taa's First Amended Complaint ("FAC"). The court heard oral argument on October 21, 2011. For the reasons below, JP Morgan's motion is GRANTED. The FAC is dismissed with leave to amend.

**I. BACKGROUND**

On January 21, 2005, a Deed of Trust was recorded with the Santa Clara County Official Records indicating that Plaintiffs borrowed $475,500 from Defendant Ampro Mortgage Corp. ("Ampro") and secured that loan by the Dead of Trust encumbering the property at 1178 Stellar Way, Milpitas, California ("Subject Property").[1] See RJN Ex. 1, ECF No. 24-1. The Deed of Trust

---

[1] JP Morgan attached a request for judicial notice ("RJN") to its motion. The court grants the request and takes judicial notice of the following documents: (1) the Deed Trust recorded on January 21, 2005; (2) the Notice of Default recorded on June 30, 2008; (3) the Assignment of Deed of Trust recorded on August 7, 2008; (4) the Substitution of Trustee recorded on August 18, 2008; (5) the Purchase and Assumption Agreement between JP Morgan and the Federal Deposit Insurance Commission ("FDIC") on September 25, 2008; (6) the Notice of Trustee's Sale recorded

1
Case No.: 5:11-CV-00554 EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

lists Ampro as the lender and trustee and lists Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. Id.

On June 30, 2008, a Notice of Default signed by Defendant Quality Loan Service Corporation ("Quality") was recorded indicating that the Subject Property was in foreclosure because Plaintiffs were behind on their payments on the loan secured by the Deed of Trust. See id. Ex. 2, ECF No. 24-3. The Notice of Default states that, as of June 30, 2008, $15,284.95 was owed.

On August 7, 2008, an Assignment of Deed of Trust was recorded indicating that MERS transferred all beneficial interest under the January 21, 2005 Deed of Trust to Defendant Washington Mutual Bank ("WaMu"). See id. Ex. 3, ECF No. 24-3. On August 12, 2008, a Substitution of Trustee was recorded indicating that Quality was substituted as the new trustee in place of Ampro. See id. Ex. 4, ECF No. 24-4. On September 25, 2008, the FDIC receiver of WaMu, the FDIC, and JP Morgan entered into a Purchase and Assumption Agreement ("Purchase Agreement") indicating that (1) WaMu had closed and the FDIC had been appointed its Receiver; and (2) JP Morgan purchased the assets and liabilities of WaMu on the terms and conditions set forth in the Agreement. See id. Ex. 5, ECF Nos. 24-4 - 24-8.

On March 13, 2009, a Notice of Trustee's Sale was recorded by Quality indicating that Plaintiffs were in default, the amount of unpaid balance and other charges was $553,242.15, and the Subject Property would be sold on April 1, 2009 to pay the remaining amount owed on the note secured by the Deed of Trust. See id. Ex. 6, ECF No. 24-9. On December 3, 2010, a Notice of Trustee's Sale was recorded by Quality indicating that Plaintiffs were in default, the amount of unpaid balance and other charges was $599,585.40, and the Subject Property would be sold on December 27, 2010 to pay the remaining amount owed on the note secured by the Deed of Trust. See id. Ex. 7, ECF No. 24-9. On January 18, 2011, a Trustee's Deed Upon Sale was recorded indicating that (1) Quality, as the trustee, had sold the Subject Property on January 4, 2011; (2) JP Morgan purchased the Subject Property and paid $471,222; and (3) JP Morgan was both the foreclosing beneficiary and the grantee of the Subject Property. See id. Ex. 8, ECF No. 24-9.

---

on March 13, 2009; (7) the Notice of Trustee's Sale recorded on December 3, 2010; and (8) the Trustee's Deed Upon Sale recorded on January 18, 2011. See Docket Nos. 24-1–24-9.

On February 7, 2011, Plaintiffs filed this action in federal court. On April 22, 2011, Plaintiffs filed their FAC against Defendant Chase Home Finance LLC, WaMu dba JP Morgan, Quality, and Ampro. The FAC alleges twenty-six claims. Claims 1-12, 16-18, and 21-24 arise from alleged violations of the Truth in Lending Act ("TILA"). Claims 13-15 and 19-20 arise from alleged violations of the Real Estate Settlement Procedures Act ("RESPA"). Claim 25 is a claim to quiet title, and Claim 26 is a request for injunctive relief. The FAC states this court has federal question subject matter jurisdiction over the action. On May 11, 2011, JP Morgan, as successor by merger to Chase Home Finance LLC ("Chase") and as acquirer of certain assets and liabilities of WaMu, filed this motion to dismiss the FAC. On May 31, 2011, Plaintiffs filed their opposition brief. No reply brief was filed.[2]

## II. LEGAL STANDARDS

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Services, Inc., 606 F.3d 658, 664 (9th Cir. 2010) (quoting Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to '"state a claim to relief that is plausible on its face."' Iqbal, 129 S.Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

---

[2] On September 1, 2011, Plaintiffs filed a Second Amended Complaint ("SAC") without leave of court or Defendants' stipulation in violation of Fed. R. Civ. P. 15(a)(2). See ECF No. 27. On September 28, 2011, the court ordered that the SAC be stricken. See ECF Nos. 28, 32.

If the court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).

### III. DISCUSSION

**A. All Claims**

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Here, none of the claims in the FAC identify the particular Defendant or Defendants against which the claims are asserted. All twenty-six counts in the FAC allege violations by "Defendant" or "Defendants," failing to provide notice to Defendants as to the claims brought against them. As a result, the FAC is so vague that Defendants cannot reasonably prepare a response.[3]

Additionally, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 127 S. Ct. at 1959. To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege detailed factual allegations, but the complaint must contain more than mere conclusions or a recitation of the elements of a cause of action. Here, the FAC merely recites the elements of the TILA and RESPA statutes, failing to allege sufficient facts to support its conclusory statements. Plaintiffs do not provide any factual allegations about when they entered into the loan, or whether there was a sale or default, or any facts surrounding Defendants' alleged violations of TILA and RESPA. The only claim that includes specific factual allegations is the claim to quiet title (claim 25), but the

---

[3] Although it is unclear which claims are alleged against JP Morgan, the court notes that Plaintiffs face a particular problem in pleading a claim against JP Morgan because Article 2.5 of the Purchase Agreement expressly provides that JPMorgan did not assume the potential liabilities of WaMu associated with claims of borrowers. See RJN Ex. 5 ¶ 2.5, ECF Nos. 24-5; Hilton v. Washington Mutual Bank, Case No. 3:09-CV-1191-SI, 2009 WL 3485953, at *2 (N.D. Cal. Oct. 28, 2009).

facts alleged pertain to the activities of banks that are not defendants in this action. Thus, the FAC pleads insufficient factual allegations to state a plausible claim upon which relief can be granted.

In sum, the FAC fails to appropriately identify Defendants or allege sufficient facts to support Plaintiffs' claims. Thus, all claims in the FAC are dismissed as against all Defendants.

**B. TILA: Claims 1-12, 16-18, and 21-24**

The right of rescission under TILA expires three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first. 15 U.S.C. § 1635(f). "[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period." Beach v. Ocwen Federal Bank, 523 U.S. 410, 412 (1998); see also King v. California, 784 F.2d 910, 913 (9th Cir. 1986) (holding that TILA, section 1635(f) is an "absolute limitation on rescission actions"). The Ninth Circuit construes section 1635(f) as a "statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." Miguel v. Country Funding Corp., 309 F.3d 1161, 1165 (9th Cir.2002). Additionally, any claim for damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).

In TILA actions, the limitations period "runs from the date of consummation of the transaction but . . . the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King, 784 F.2d at 915. Although the FAC provides no allegations as to when Plaintiffs entered into the loan, the Deed of Trust indicates Plaintiffs executed the Deed of Trust that secured the loan in January 2005. See RJN Ex. 1. Accordingly, Plaintiffs' TILA claim for damages is time-barred because it was brought over six years after consummation of the loan transaction, unless equitable tolling applies. See, e.g., O'Donnell v. Vencor Inc., 466 F.3d 1104, 1112 (9th Cir. 2006) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'") (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

The FAC pleads no facts indicating that any Defendant prevented Plaintiffs from discovering the alleged TILA violation or caused Plaintiffs to allow the filing deadline to pass. Moreover, Plaintiffs do not plead any facts to demonstrate an excusable delay.  Without any factual allegations that support the inference that Plaintiffs did not have a reasonable opportunity to discover the TILA violations, the FAC does not support tolling the statute of limitations. See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902–03 (9th Cir. 2003) (rejecting argument for equitable tolling of the TILA claim because plaintiff was in full possession of all loan documents and did not allege any actions that would have prevented discovery of the alleged TILA violations). Accordingly, the TILA claims are dismissed for this reason as well.

**C.  RESPA: Claims 13-15 and 19-20**

JP Morgan argues that Plainiffs' RESPA claims are similarly time-barred. See 12 U.S.C. § 2614 (three-year statute of limitations for a violation of Section 2605 and one-year statute of limitations for a violation of Section 2607 or 2608). The FAC, however, does not set forth any facts in support of its RESPA violations. As a result, the court is unable to determine when Plaintiffs allege any violation of RESPA occurred or whether Plaintiffs allege that any RESPA violation resulted in recoverable damages.  As discussed above, this lack of factual allegations is sufficient to dismiss the FAC.

**D.  Quiet Title: Claim 25**

A claim to quiet title requires: (1) a legal description of the property and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date as of which the determination is sought and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Civ. Proc. Code § 761.020. Plaintiffs fail to allege any element of a quiet title cause of action. Rather, the request to quiet title details the activities of Countrywide Home Loans Inc. and U.S Bank N.A., neither of which are parties to this action. Accordingly, the claim to quiet title is dismissed for this reason as well.

**E. Injunctive Relief: Claim 26**

Plaintiffs request that Defendants be "preliminarily" and "permanently" enjoined from activities including foreclosing on the Subject Property and keeping relevant documents. Compl. ¶¶ 127-28. "'Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted.'" Camp v. Bd. of Supervisors, 123 Cal. App. 3d 334, 356 (1981) (quoting Shell Oil Co. v. Richter, 52 Cal.App.2d 164, 168 (1942)). Plaintiffs have failed to state a claim against any Defendant, much less show that Plaintiffs are likely to succeed on the merits of their claims. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (discussing the standard for a preliminary injunction). Thus, the court cannot issue any injunction on the basis of the FAC.

## IV.   CONCLUSION

IT IS HEREBY ORDERED that JP Morgan's Motion to Dismiss the FAC is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs are granted leave to amend only as to the causes of action pleaded in the FAC. No later than April 17, 2012, Plaintiffs may file a Second Amended Complaint. If Plaintiffs seek to add new causes of action in this Second Amended Complaint, Plaintiffs must first obtain leave of court or Defendants' written consent to do so.

IT IS FURTHER ORDERED that the parties shall appear for a Case Management Conference on June 1, 2012.

Dated: March 19, 2012

EDWARD J. DAVILA
United States District Judge

7
Case No.: 5:11-CV-00554 EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND